# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-60820
Summary Calendar

KUFFOUR OSEI

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A42 471 080

Before KING, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Kuffour Osei, a native and citizen of Ghana, petitions for review of a decision of the Board of Immigration Appeals (BIA), which dismissed his appeal from a finding that he was ineligible for a waiver of inadmissibility under former § 212(c) and § 212(h) of the Immigration and Nationality Act. Osei seeks review only of the denial of § 212(c) relief.

The parties agree that the relevant issue is when Osei agreed to plead guilty to a 1996 state charge of credit card abuse. If an agreement was reached

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

before April 24, 1996, then Osei was eligible for relief under former § 212(c); if an agreement was reached after April 23, 1996, then he was not eligible for relief. The BIA found that Osei had "not shown that he entered a plea agreement before April 24, 1996."

Osei argues, inter alia, that the BIA applied the wrong standard in finding that he "entered" his plea after April 24, 1996. The parties agree that the relevant regulation provides that in evaluating the alien's eligibility for relief, one factor for consideration is whether the alien was eligible to apply for relief "under the standards that were in effect at the time the alien's plea was made, regardless of when the plea was entered by the court." 8 C.F.R. § 1003.44(b)(4). Despite its citation to § 1003.44(b) in its order, the BIA erred by considering the date Osei's plea was entered rather than the date it was made.

The Government argues that, based on the record evidence, a remand would be futile. However, because the BIA has applied an improper standard, we conclude remand is appropriate in this case. *See INS v. Orlando Ventura,* 537 U.S. 12, 16-17 (2002); *Mikhael v. INS,* 115 F.3d 299, 306 (5th Cir. 1997).

PETITION FOR REVIEW GRANTED; VACATED and REMANDED.